IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRYAN McCLURKIN, #B13440,             )
                                      )
            Plaintiff,                )
                                      )
   vs.                                )   Case No. 17-01228-MJR
                                      )
JOHN BALDWIN,                         )
S. A. GODINEZ,                        )
JACQUELINE LASHBROOK,                 )
KIMBERLY BUTLER,                      )
GAIL WALLS,                           )
WEXFORD MEDICAL SERVICES, INC.,       )
and JOHN/JANE DOE,                    )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Bryan McClurkin, an inmate who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to 42 U.S.C. § 1983 against several current and former high-ranking officials at Menard Correctional Center ("Menard") and the Illinois Department of Corrections ("IDOC"). (Doc. 1). Plaintiff asserts claims against each of the defendants for violating his rights under the First, Eighth, and Fourteenth Amendments and Illinois state law. He seeks declaratory judgment and monetary damages.[1] (Doc. 1, pp. 18-27).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Plaintiff also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2), which was denied without prejudice on November 13, 2017. (Doc. 5).

1

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive screening under this standard and shall be dismissed.

## The Complaint

In the Complaint, Plaintiff names several high-ranking prison officials in connection with alleged violations of his rights at Menard under federal and state law. (Doc. 1). These officials include the current and former IDOC Directors, the current and former prison wardens, the prison's healthcare administrator, and a private medical corporation. (Doc. 1, p. 1). Plaintiff asserts claims against each defendant under the First, Eighth, and Fourteenth Amendments, as well as Illinois state law. (Doc. 1, pp. 1-27).

Although the Complaint is voluminous, it contains few factual allegations against the defendants. Instead, it reads like a memorandum of law. Plaintiff devotes most of the Complaint

to a discussion of the applicable law and citations to decisions issued by the Seventh Circuit Court of Appeals.

Pages 9 through 13 of the Complaint contain some factual allegations, but few actually refer to individual defendants. (Doc. 1, pp. 9-13). In place of detailed factual allegations, Plaintiff refers to exhibits instead. (Doc. 1-1, pp. 1-26). The exhibits include grievances that he filed over the course of more than three years and medical records spanning the same time period, among other things. *Id*. The exhibits address many issues and touch upon numerous potential claims. *Id*. Few involve the named defendants. *Id*.

Plaintiff's claims seem to arise from injuries he sustained on or around April 10, 2014, when he fell from a chair at Menard. (Doc. 1, pp. 9-13, 32-36; Doc. 1-1, pp. 1-46). At the time, he was handcuffed and sustained injuries to his wrist and neck. *Id*. His neck injury apparently grew worse over time. *Id*. Plaintiff began to experience intense pain in his neck and back and even numbness in his left arm and hand. *Id*. He submitted multiple requests for medical care during his incarceration at Menard and was not satisfied with the treatment he received. *Id*.

Plaintiff brings a claim of retaliation under the First Amendment, deliberate indifference under the Eighth Amendment, and denial of due process under the Fourteenth Amendment against the defendants. (Doc. 1, pp. 1-26). He also asserts claims against Wexford for breach of contract and consumer fraud under Illinois law. (Doc. 1, pp. 22-27). He names none of the individual medical providers he saw at Menard in connection with these claims. *Id*. All named defendants are high-ranking officials. (Doc. 1, p. 1). Plaintiff leaves it to the Court to determine the factual basis of his claims against each of these defendants.

**Discussion**

The Complaint violates the pleading standards set forth under Rule 8 of the Federal Rules of Civil Procedure and discussed in *Twombly*. Rule 8 requires a Complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). Plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. It is possible to set forth too few factual allegations to state a plausible claim against the defendants. The purpose of the rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his Complaint, Plaintiff discusses the applicable legal standards for his claims in great detail. In fact, he devotes nearly his entire statement of claim to recitations of the elements of each cause of action, legal arguments, and legal citations. (Doc. 1, pp. 1-27). But Plaintiff cannot rely entirely on conclusory legal statements when pleading his claims. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts are discouraged from accepting "as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). To survive dismissal, a "plaintiff is required to plead more

than bare legal conclusions." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010).

He must set forth facts in support of his claims against the defendants. Plaintiff brings this action under 42 U.S.C. § 1983. To state a claim in this context, he must demonstrate that an individual who was acting under color of state law deprived him of a constitutionally protected right. 42 U.S.C. § 1983; *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993). Liability under § 1983 requires personal involvement in a constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Plaintiff must name as defendants the individuals who were responsible for depriving him of his constitutional rights. *Id*.

He cannot pursue claims against high-ranking officials, simply because their subordinates may have violated his constitutional rights. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The doctrine of *respondeat superior*, or supervisory liability, is not applicable under § 1983. *Id. See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff provides virtually no factual allegations that demonstrate the personal involvement of the defendants in a deprivation of Plaintiff's federal constitutional rights. What few factual allegations he offers in his statement of claim are set forth on pages 9-13 of the Complaint. (Doc. 1, pp. 9-13). These allegations are generally consistent with the exhibits. (Doc. 1-1, pp. 1-46). In both, Plaintiff fails to name specific defendants in connection with any misconduct. At best, he refers to the "defendants" generally and vaguely. Plaintiff appears to be pursing claims against the high-ranking officials based on their supervisory roles over the individuals who allegedly denied him adequate medical care. However, Plaintiff has not

named those individuals as parties in this action, and he cannot proceed against the high-ranking officials based only on their supervisory role.

Had Plaintiff read the instructions in this Court's standard civil rights complaint form when preparing his statement of claim, he might have satisfied Rule 8 and *Twombly* and articulated a colorable claim in the process. The form provides *pro se* litigants with the following guidance when preparing a statement of claim:

> State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments o[r] citations. If you wish to present legal arguments or citations, file a separate memorandum of law. . . .

But Plaintiff did not use the standard civil rights complaint form when preparing his Complaint. He also demonstrated no understanding of the requirements set forth under Rule 8 and *Twombly*.

The Court has combed through the Complaint and exhibits for factual allegations that support a claim against the defendants. Time and again, the Court found lengthy discussions of the law with no factual allegations pertaining to this case. In place of most factual allegations, Plaintiff cited exhibits. Certainly, Plaintiff may file exhibits along with his Complaint. Documents "attached to the complaint" are "part of the complaint." *Perez v. Fenoglio*, 792 F.3d 768, 782-83 (7th Cir. 2015) (citation omitted). However, exhibits should not take the place of factual allegations, particularly where the exhibits are voluminous, span more than three years, and cover a broad range of potential claims under federal and state law.

Although this Court must construe a *pro se* prisoner's pleadings liberally, the Court cannot act as Plaintiff's attorney by crafting claims on his behalf. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). By vaguely referring to his exhibits instead of simply describing what each defendant did to violate his rights, Plaintiff is asking the Court to do just that. Plaintiff, not the Court, is the master of his case.

Under the circumstances, the Court is unable to adequately assess the claims against each defendant. It is necessary to dismiss the Complaint. However, the dismissal shall be without prejudice. Plaintiff shall have an opportunity to re-plead his claims in an amended complaint. If he chooses to pursue his claims any further, Plaintiff must comply with the deadline and instructions for amending his Complaint herein.

## Pending Motion

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) shall be addressed in a separate court order.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for non-compliance with Rule 8 of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff is **GRANTED** leave to file an amended complaint **on or before December 13, 2017.** Should Plaintiff fail to file an amended complaint within the allotted time or seek an extension of the deadline before it expires, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the standard civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and refer to *this* case number in the case caption, *i.e.*, Case No. 17-cv-1228-MJR. The First Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to

include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. Finally, Plaintiff should avoid using conclusory legal statements, legal argument, and exhaustive discussions of the law in his statement of claim. He should instead focus on describing what each defendant did to violate his constitutional rights. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable,

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 15, 2017**

s/ MICHAEL J. REAGAN
**Chief District Judge**