IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN MCCLURKIN, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 17-CV-1228-SMY-MAB ) |
| JOHN BALDWIN, S.A. GODINEZ, KIMBERLY BUTLER, GAIL WALLS, MIKE NELSON, CHARLOTTE MIGET, DR. FUENTES, MARTHA OAKLEY, DR. HA, M. MOLDENHAUER, LISA TINDALL, B. RUPPERT, and DR. J. TROST, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Stephen C. Williams (Doc. 114), recommending that the motions for summary judgment for failure to exhaust administrative remedies filed by Defendants (except Nelson) (Docs. 79, 81, 100, and 107) be denied. Defendants Fuentes, Moldenhauer, Ruppert, Tindall, and Trost filed a timely objection to the Report on December 26, 2018 (Doc. 115). Defendant Ha filed an untimely objection to the Report on December 28, 2018 (Doc. 117).[1] For the following reasons, Judge Williams' Report is **ADOPTED**.

---

[1] Objections to the Report were due on December 26, 2018. See FED.R.CIV.P. 72(b) (providing objections are due 14 days after service). Defendants were served with the Report electronically, through CM/ECF. Therefore, they are not entitled to benefit from the 3-day mailing period contained in Rule 6(d). Service of the Report on Defendants was instant, and objections were due 14 days (or in this case 15 days because December 25, 2018 was a federal holiday), not 17 days thereafter. Thus, Defendant Ha's objections were filed 2 days late. *Defendant* Ha neither requested nor was granted an extension of time to file objections. Normally, the failure to file timely objections results in waiver of the right to challenge the findings and conclusions of the magistrate judge. *See Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F2d 538, 539 (7th Cir. 1986). Nonetheless, the Court will consider Defendant Ha's objections.

## Background

Plaintiff Bryan McClurkin, who is currently incarcerated at Stateville Correctional Center, filed suit on November 9, 2017 pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his medical needs after he was injured when his chair collapsed beneath him on April 8, 2014. He is proceeding on a deliberate indifference to a serious medical condition claim against each of Defendants (Docs. 12, 76). With the exception of Defendant Nelson, the defendants moved for summary judgment, arguing that Plaintiff failed to exhaust administrative remedies prior to filing suit.

Plaintiff alleges the following in the Amended Complaint: When Plaintiff's chair collapsed, he hit his shoulder and lower neck on a metal bar that connected the chairs and landed on his handcuffed wrists. He felt intense and immediate pain and requested medical care. He was seen shortly thereafter by Defendant Nelson, a medical technician who was in the auditorium where Plaintiff fell. Nelson took Plaintiff's blood pressure and told him that he would be seen by medical staff later on.

The medical care that followed was allegedly either delayed, did not address Plaintiff's medical condition, and/or did not account for the worsening of his symptoms. By August 2, 2016, Plaintiff was unable to walk, and he still had not received adequate medical care by the time he filed his Complaint on November 9, 2017. Plaintiff was seen by each of the medical defendants – Dr. Fuentes, Nurse Miget, Nurse Oakley, Dr. Ha, Nurse Moldenhauer, Physician Assistant Tindall, Nurse Ruppert, and Dr. Trost – at some point after his injury and through 2016, but they failed to provide adequate medical care.

Plaintiff also alleges that Defendant Gail Walls, the nursing supervisor, failed to ensure that he receive adequate medical care even though he had requested such care for years. He claims

that despite filing numerous grievances on the matter, his need for medical care was not addressed by administrators, Defendants Butler, Baldwin and Godinez.

Plaintiff submitted 2 grievances relevant to his allegations against Defendants Fuentes, Moldenhauer, Ruppert, Tindall, Ha, and Trost about the allegations in his Complaint. The first dated April 17, 2014 was submitted as an emergency grievance (Doc. 82-1, p. 90). The only defendant named in the grievance was Nelson. In finding the grievance moot, the grievance officer noted that Plaintiff had been seen by Dr. Fuentes on April 22, 2014 (Doc. 82-1, p. 88). When Plaintiff appealed to the ARB, he attached a letter explaining that Dr. Fuentes had prescribed naproxen and that he was still in pain (Doc. 82-2, pp. 37-9). After the ARB inquired about the medical care Plaintiff had received (Doc. 82-2, pp. 32-3), it denied the grievance on December 5, 2014, finding Plaintiff had received medical care numerous times after May 11, 2014 (Doc. 82-2, p. 31).

In the second grievance, dated October 17, 2016, Plaintiff complained he was denied an MRI by Dr. Ritz (who is not a defendant in this case) even though it was recommended by Defendants Moldenhauer and Trost (Doc. 82-1, p. 37-8). The grievance states that Plaintiff was still in pain, unable to walk, and that no meaningful medical treatment had been offered since 2014. Plaintiff requested a transfer to another facility where his medical needs could be addressed. He attached medical records to the grievance, setting forth care he had received from Defendants Oakley, Ruppert, Moldenhauer, Ha, Trost, and Tindall (Doc. 82-1, pp. 39-62). The Grievance Officer recommended that the grievance be denied (Doc. 82-1, p. 35).

Gail Walls was asked to review the grievance twice; once by Plaintiff's counselor (Doc. 82-1, p. 63) and again by the ARB (Doc. 82-1, p. 29). She detailed some of the care Plaintiff had received, the care he would receive, and what he needed to do to obtain additional care. In a letter

to the ARB, Plaintiff reiterated that he has received no pain medication, that his condition was worsening, that he has medical problems since 2014 that were not being addressed, and that he needs a transfer (Doc. 82-2, p. 28). The ARB ultimately denied this grievance as moot (Doc. 82.1, p. 25).

On December 11, 2018, Magistrate Judge Stephen C. Williams issued a Report setting forth the evidence presented by the parties, the applicable law, the requirements of the administrative process, and his conclusions. Judge Williams identified the April 17, 2016 and October 17, 2016 grievances as the only grievances relevant to the objecting defendants.[2] He concluded that while most of the medical defendants were not mentioned by name in the grievances, the attachments to the grievances were sufficient to notify the institution of the problem Plaintiff was grieving and sufficiently complied with Illinois' Administrative Code. As a result, Judge Williams recommends that Defendants Fuentes, Moldenhauer, Ruppert, Tindall, Ha, and Trost's motions be denied and that Plaintiff be permitted to proceed on the merits of his claims.

## Discussion

Because Defendants Fuentes, Moldenhauer, Ruppert, Tindall, Ha, and Trost filed an objection, the undersigned will undertake a *de novo* review of the Report as to those defendants. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive

---

[2] Magistrate Judge Williams found that the April 17, the September 22, and the October 17, 2014 grievances exhausted as to Defendants Baldwin, Godinez, Butler, Walls, and Miget. These Defendants did not object to the Report. As such, the part of the Report related to these Defendants is reviewed for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court finds no clear error in Judge Williams findings and conclusion and ADOPTS that part of the report related to these Defendants.

weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

Illinois' Administrative Code specifies that a grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill.Admin.Code § 504.810 (2016). Grievances are not meant to mirror Complaints filed in federal court nor is a plaintiff required to set forth every theory of relief that he may present in a Complaint or to identify every defendant later sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). However, grievances should provide the prison with "a fair opportunity to address his complaint." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Defendants first argue that Judge Williams erred in finding that the October 17, 2016 grievance, which did not complain about the conduct of any particular defendant, exhausted Plaintiff's administrative remedies as to his claims against Moldenhauer, Ruppert, Trost, Ha, and Tindall. The purpose of a grievance is to alert prison officials to a problem to give them a fair opportunity to address it prior to litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). The October 17, 2016 grievance served this purpose as to these defendants by identifying the problem – lack of medical care since 2014 – and attaching documents from which the names of the medical providers could be easily discerned. The failure to list Defendants' names in the body of the

grievance did not prevent the institution form considering the grievance on the merits. Indeed, the administrators reviewing the grievance reviewed Plaintiff's medical records (or sought such review) prior to deciding the grievance.

The cases cited by Defendants are inapposite. *Roberts v. Neal*, 745 F.3d 232 (7th Cir. 2014) involved a grievance that wholly failed to name a nurse and any action by the nurse, who was later named in the Complaint. *Id*. at 235-236. In this case, the attachment to the grievance named each defendant. In *Knox v. Rhodes*, 2010 WL 3937389 (S.D. Ill. 2010), also cited by Defendants, District Judge J. Phil Gilbert concluded that referring to "prison official staffs" in general was insufficient to identify the defendants in that case. *See also Ambrose v. Godinez*, 510 Fed.Appx. 470 (7th Cir. 2013) (affirming judgment where defendants were not named in the grievances by "name or inference"). By contrast, while Plaintiff complained in his grievance that *all* the medical care he received was inadequate, he attached medical records that identified his treatment providers by name. Thus, it could not have been a mystery to prison officials who Plaintiff was complaining about. Not all medical personnel were implicated by Plaintiff's grievance, only those who provided care from 2014 through October 2016.

Defendants next argue that the April 17, 2016 grievance was insufficient to exhaust Plaintiff's claims against Dr. Fuentes because he had not been seen by the doctor before the grievance was written. In the grievance, Plaintiff states he was told that he would be seen by medical staff for his injuries, but that he did not receive any additional medical care. In response, the grievance officer indicated that Plaintiff was seen by Dr. Fuentes on April 22, 2016. When he appealed to the ARB, Plaintiff stated that he was seen by Dr. Fuentes who did not prescribe pain medication and that he was still in pain. The prison administrators necessarily reviewed Plaintiff's medical records prior to giving a response. They were therefore fully apprised of who did or did

not provide medical care by the time the grievance reached the ARB. As such, the grievance was sufficient to notify them of the problem and to allow for an administrative response.

"[D]eliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released." *Jervis v. Mitcheff*, 258 Fed.Appx. 3, 5–6 (7th Cir. 2007) (citing *Heard v. Sheahan*, 253 F.3d 316, 318–19 (7th Cir. 2001)). An inmate's initial grievance that has "served its function of alerting the state and inviting corrective action" is sufficient to exhaust such a claim against care providers. *See Id.; Riccardo,* 375 F.3d at 524; *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002). An inmate is not required to continuously re-file a new grievance each time medical treatment is not provided. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (stating that an inmate is not required to "file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing.").

Plaintiff amended his grievance with additional information and named Dr. Fuentes as a person who gave inadequate care. His grievance was not rejected for failing to name the doctor in the initial grievance. And, the Administrative Code does not prevent an inmate from amending his grievance on appeal. Thus, the April 17, 2016 grievance was sufficient to exhaust Plaintiff's claims against Dr. Fuentes.

## Conclusion

For the above reasons, Judge Williams Report (Doc. 114) is **ADOPTED** in its entirety and Defendant's motions for summary judgment are **DENIED** (Docs. 79, 81, 100, and 107).

**IT IS SO ORDERED.**

**DATED: April 19, 2019**

**STACI M. YANDLE**
**United States District Judge**